IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Juliane M. Iverson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DISMISSING ACTION FOR** |
| | ) | **LACK OF SUBJECT MATTER** |
| Camrud, Maddock, Olson & Larson, Ltd.; | ) | **JURISDICTION** |
| VenuWorks Compass of Grand Forks LLC | ) | |
| Batch 00903W2 2003; City of Grand | ) | |
| Forks, Grand Forks Event Center | ) | Civil No. 2:07-cv-77 |
| Commission; and 2000 Alerus Financial | ) | |
| Buys Naming Rights, | ) | |
| | ) | |
| Defendants. | ) | |

  Before the Court are two Motions to Dismiss filed by Defendants Camrud, Maddock, Olson & Larson, Ltd. ("Camrud"), and Compass of Grand Forks LLC ("Compass") (Docs. #6, #14).[1] Plaintiff Juliane Iverson, who is acting pro se, has not filed a response to Defendants' motions.

  Camrud and Compass have set forth substantially similar arguments in their Motions to Dismiss. Both have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), for insufficient service of process, and for res judicata. After reviewing Plaintiff's complaint, the Court concludes her action must be dismissed for a reason not raised by Defendants–lack of subject matter jurisdiction.

  Federal courts are courts of limited jurisdiction. Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1080 (8th Cir. 2003) (quotation omitted). Subject matter jurisdiction cannot be waived by the

---

[1] Compass of Grand Forks LLC asserts that it was incorrectly designated in the complaint as VenuWorks Compass of Grand Forks LLC Batch 00903W2 2003, and as 2000 Alerus Financial Buys Naming Rights. For the sake of simplicity, the Court will refer to these named Defendants as "Compass."

1

parties, conferred by consent, or ignored by the court.  Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 540 (8th Cir. 1970).  Any party or the court may raise the issue of subject matter jurisdiction at any time.  GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004).

It is well-established that the two major bases of federal subject matter jurisdiction are diversity and federal question.  See 28 U.S.C. §§ 1331-1332.  Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship.  28 U.S.C. § 1332(a).  Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship.  Capitol Indem. Corp. v. Russellville Steel Co., 367 F.3d 831, 835 (8th Cir. 2004).  For purposes of diversity jurisdiction, a corporation may be the citizen of two states, namely, the state in which it has been incorporated, and the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); see also Capitol Indem. Corp., 367 F.3d at 835.

As to federal question jurisdiction, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  However, a federal court does not obtain jurisdiction simply because a plaintiff raises any federal question in her complaint.  See Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005).  Federal question jurisdiction exists only when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Id. at 906.  If the asserted basis of federal question jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.  Id. at 907.

In this case, Plaintiff's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, as required by Rule 8(a), Fed. R. Civ. P.  Indeed, her

70-page complaint contains few statements, if any, about the nature of the action which she has filed. Rather, Plaintiff's complaint consists of a variety of clippings from newspapers, correspondence, and documents which are apparently related to other legal claims she has made in the past, along with a recurring photograph of herself pasted throughout the pages. Her complaint is assembled in the style of a collage and does not lend itself to any rational interpretation. The Court is unable to discern any coherent facts about the nature of her claims, the jurisdictional basis for her claims, or the relief which she seeks.

Despite the unintelligible nature of Plaintiff's complaint, the Court has determined there is no diversity jurisdiction in this case. Plaintiff resides in Grand Forks, North Dakota, and is a citizen of North Dakota. Defendant Camrud is a corporation with its law offices located in Grand Forks, North Dakota. Although the record does not reveal in which state Camrud is incorporated, it is clear that Camrud's principal place of business is located in North Dakota. Therefore, complete diversity of citizenship is lacking. Furthermore, Plaintiff has completely failed to request any relief in her complaint, much less assert that the amount in controversy exceeds $75,000. For these reasons, the Court finds it does not have diversity jurisdiction.

The Court also concludes it does not have federal question jurisdiction over the matter. The Court is simply unable to discern any facts or claims posed by Plaintiff's complaint, or even the relief sought, much less whether her right to relief depends on resolution of a substantial question of federal law. Because there is no basis for subject matter jurisdiction, Plaintiff's action must be dismissed as to all Defendants.

Even assuming there was subject matter jurisdiction, the Court would still dismiss Plaintiff's complaint for her complete failure to comply with any of the requirements of Rule 8(a), Fed. R. Civ.

P. Under Rule 8(a), Defendants are entitled to fair notice of what Plaintiff's claim is and the grounds upon which it rests. See Gardner v. First Am. Title Ins. Co., 294 F.3d 991, 994 (8th Cir. 2002). The complaint is utterly deficient in this respect, and therefore dismissal for failure to comply with Rule 8 would be appropriate in this case. See Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (stating that dismissal for failure to comply with Rule 8 generally should be with leave to amend, but that persistent violation of Rule 8 may justify dismissal with prejudice).

Finally, the Court notes that Defendants have requested the imposition of sanctions upon Plaintiff under Rule 11, Fed. R. Civ. P. Defendants failed to file a separate motion for sanctions as required by Rule 11(c), so it appears they are requesting the Court enter an order directing Plaintiff to show cause why she should not be sanctioned for filing this action. See Fed. R. Civ. P. 11(c). The Court declines to issue an order to show cause at this time because Plaintiff has never before filed such a facially deficient complaint.[2] However, the Court cautions Plaintiff that she will be subject to sanctions in the future if she persists in filing frivolous complaints that fail to comply with even the minimal requirements of Rule 8, Fed. R. Civ. P. The Court also notes that Plaintiff cannot re-litigate issues which were disposed of in her 2004 lawsuit, if that was indeed her intent in filing the instant complaint. Plaintiff should be aware that she may also be subject to sanctions in the

---

[2] Defendants point to a 2004 lawsuit which Plaintiff filed in this Court against Compass Facilities Management, Inc., d/b/a Alerus Center (Case No. 2:04-cv-126). However, in that case, Plaintiff filed a sufficient complaint, and the Court issued a 9-page opinion addressing and rejecting her claims. Defendants argue that Plaintiff's claims in this matter are barred by res judicata because of the 2004 judgment, but the Court cannot discern any facts in the instant complaint which would give rise to any legal claims, much less whether Plaintiff is asserting the same claims as in the 2004 action.

future if she attempts to assert the same claims over and over again. The Court will not permit Plaintiff to abuse the judicial process by filing frivolous lawsuits.

The Court hereby **ORDERS** that Plaintiff's action against all Defendants is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 10th day of December, 2007.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court